ESTATE OF WM. H. WALLACE, DECEASED.

[No. 1,198; decided January 28, 1884.]

A Distribution of a Partnership Interest, owned by the estate, may be ordered without a previous accounting by the surviving partners to the administratrix.

Distribution Disposes of the Subject Matter, and Nothing Remains within the jurisdiction of the court, except to compel obedience to its decree, when necessary.

An Administratrix must be Held to have Concurred, as such, in a request made by her in her own behalf as widow and as guardian of a minor heir.

An Administratrix, as Such, is Estopped from Attacking a Decree Made upon Her Request, as widow and as guardian of a minor heir, and concurred in by her as administratrix.

Wm. H. Wallace died intestate in San Francisco, on October 2, 1881. On October 24, 1881, letters of administration were duly issued to his widow, Emeline Wallace.

He left him surviving, as his heirs, his widow and two children, Cora A. and Wm. H. Wallace, Jr., the latter a minor.

Mrs. Wallace was also appointed guardian of her minor son.

The estate was the owner of a one-third interest in the firm of Sisson, Wallace & Co., composed at the time of decedent's death of A. W. Sisson, C. W. Crocker and said Wm. H. Wallace.

An inventory and appraisement, in which the interest of the estate in this firm was set out, was duly filed.

The administratrix entered into negotiations with the surviving partners for the sale to them of the interest of the estate in said partnership.

The result of these negotiations was that on May 2, 1882, the widow, for herself, and as guardian of her minor son and also the daughter of the decedent, filed a petition for the distribution to them, of the interest of the decedent in said partnership, in the proportions to which they were respectively entitled.

The parties all appeared before the Judge then presiding in Department No. 9 (the Hon. Jno. F. Finn), in his cham-

bers, and explained to him the purpose of the application for distribution, namely, to sell to the surviving partners the interest of the estate in said firm, and the same met with his approval.

Thereupon, on May 15, 1882, the court rendered its decree, distributing said interest to said heirs as prayed for.

The administratrix delivered to the distributees their several shares, according to said decree, and on June 2, 1882, the widow and her daughter conveyed all their right, title and interest in said firm to said surviving partners.

The widow, also, as guardian of her minor son, obtained an order of court authorizing her, as such guardian, to sell said son's interest in said firm under the decree of distribution, and accordingly did so, which sale was thereafter duly confirmed.

Thereafter the administratrix became dissatisfied with the sale, claiming that certain matters were misrepresented to her, and also that she was compelled to submit to the terms of the surviving partners, and on October 26, 1883, she obtained an order for them to show cause why they should not render to her an account of the business, property and affairs of the said copartnership.

The application for the order was based upon section 1585, Code of Civil Procedure.

Counsel for the administratrix claimed that the decree of distribution above mentioned was prematurely made, and without authority of law, and void, and also that the court had no jurisdiction to distribute until a partnership accounting had been rendered, and that until then there were no assets in the hands of the administratrix.

A. N. Drown, for administratrix, petitioner.

Mastick, Belcher & Mastick, for respondents.

COFFEY, J.  1. The court is of opinion that the decree of distribution of May 15, 1882, was properly made, and was within the jurisdiction of this court. I cannot assent to the view of the counsel for the petitioner upon this point.

2. Having by that decree disposed of the subject matter, nothing remains within the jurisdiction of this court, except

to compel obedience to the decree, in case it should have been disobeyed, which is not the case.

3. The petitioner is estopped, as administratrix, by that decree, from complaining of the exercise of a power possessed by the court and invoked upon her own request in behalf of herself as widow, and as guardian of the minor, and by the adult child, and in which, as administratrix, she must be held to have concurred.

No other result can be reached by the court consistently with my opinion of the law or of the principles of equity. Order discharged.